1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| BENNIE RAY BROWN, | CV F 05-0167 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 8] |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

_____/

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

Petitioner filed the present petition for writ of habeas corpus on February 7, 2005.  In his petition, Petitioner raises the following five grounds for relief: 1) denial of appointment of counsel in violation of the Sixth Amendment; 2) denial of effective assistance of counsel; 3) improper denial of  Petitioner's Marsden motion; 4) denial of "fair judicial process;" and 5) arrest without probable cause in violation of the Fourth Amendment.

In its motion to dismiss filed May 12, 2006, Respondent explains that Petitioner filed the present petition while the charges were pending against him in Kern County Superior Court.  On

1  June 30, 2005, the Kern County Superior Court dismissed Petitioner's case and released him from

2  custody.  Petitioner was thus never convicted or sentenced.   Respondent now moves to dismiss the

3  petition on the ground that it is moot.

4          The case or controversy requirement of Article III of the Federal Constitution deprives

5  the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70

6  104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352

7  (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties

8  lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct.

9  1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the

10  rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406

11  (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461,

12  463-464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have

13  suffered some actual injury that can be redressed by a favorable judicial decision."  Iron Arrow, 464

14  U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct.

15  1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

16          In opposition to Respondent's motion to dismiss, Petitioner now claims that he is seeking

17  redress for violation of his civil rights under 42 U.S.C. Section 1983.

18          The present case is a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

19  Petitioner may not transform this case into a civil rights action pursuant to 42 U.S.C. Section 1983.

20  Should Petitioner wish to file a civil rights action, he must do so separately.

21          The court finds that the present petition for writ of habeas corpus is moot.  Accordingly, the

22  court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and that this

23  petition be DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to

24  28 U.S.C. Section 1983.

25          These Findings and Recommendation are submitted to the assigned United States District

26  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

27  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

28  thirty (30) days after being served with a copy, any party may file written objections with the court

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 5, 2007**          **/s/  William M. Wunderlich**
mmkd34                                                        UNITED STATES MAGISTRATE JUDGE